IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAREN JOHNS-SMITH,

      Plaintiff,                       No. 2:12-cv-436-KJM-EFB PS

      vs.

BANK OF AMERICA, N.A. et al.,

                                        <u>ORDER AND</u>
      Defendants.                <u>FINDINGS AND RECOMMENDATIONS</u>
_____/

      This case, in which plaintiff is proceeding *pro se*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On February 20, 2012, defendants removed this action from Sacramento County Superior Court. Dckt. No. 1. The same day, the court issued its initial scheduling order. Dckt. No. 3. That order directed plaintiff to complete service of process within 120 days (*see* Federal Rule of Civil Procedure ("Rule") 4(m)), and set a scheduling conference for July 11, 2012. *Id.* The order further directed the parties to file status reports no later than fourteen days prior to the July 11, 2012 scheduling conference (or by June 27, 2012), and cautioned the parties that failure to obey the federal or local rules or orders of the court could result in sanctions, including a recommendation that the case be dismissed. *Id.*

      On June 27, 2012, defendants filed a status report. Dckt. No. 5. However, plaintiff failed to file a status report, as required by the February 20, 2012 order. Also, defendants' status report

1

indicates that defendants have not yet been served with process in this action and that, as a result, the case should be dismissed for failure to timely serve under Rule 4(m). *Id.* at 2.

Therefore, on July 2, 2012, the undersigned issued an order continuing the status (pretrial scheduling) conference and ordering plaintiff to show cause, on or before August 22, 2012, why this case and/or any unserved defendants should not be dismissed as a result of plaintiff's failure to follow court orders and/or plaintiff's failure to effect service of process within the time prescribed by Rule 4(m). Dckt. No. 6 (citing Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 4(*l*)(1) (requiring that proof of service be made to the court); E.D. Cal. L.R. 210(b) (same); E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. L.R. 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules."); and *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.")). Plaintiff was also ordered to file, on or before August 22, 2012, a proof of timely service on defendants, or to show cause in writing by August 22, why any unserved defendants should not be dismissed for failure to effect service of process within the time prescribed by Rule 4(m). Dckt. No. 6 at 2. Plaintiff was further directed to file a status report on or before August 22, 2012. *Id.* The order admonished plaintiff that "[f]ailure to timely comply . . . may result in sanctions, including a recommendation that this action be dismissed for lack of prosecution, for failure to follow this court's orders and Local Rules, and/or for failure to effect service of process within the time prescribed by Rule 4(m)." *Id.*

Although the deadline has passed, plaintiff has not filed a response to the order to show cause, has not filed a status report, and has not demonstrated that she has properly served any of the defendants. In fact, plaintiff has not filed anything in this action since the case was removed to this court in February 2012. Therefore, the undersigned will recommend that this case be

2

dismissed for failure to prosecute and for failure to comply with court orders, the Federal Rules of Civil Procedure, and this court's Local Rules. *See* Fed. R. Civ. P. 41(b); L.R. 110.

Accordingly, IT IS HEREBY ORDERED that:

1. The status (pretrial scheduling) conference currently set for hearing on September 5, 2012, is vacated;[1] and

2. The July 2, 2012 order to show cause is discharged.

IT IS FURTHER RECOMMENDED that:

1. This action be dismissed pursuant to Federal Rule of Civil Procedure 41(b), based on plaintiff's failure to prosecute the action and to comply with court orders, the Federal Rules of Civil Procedure, and this court's Local Rules; and

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 27, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] However, if the recommendation of dismissal herein is not adopted by the district judge, the undersigned will reschedule the status conference and require the parties to submit status reports.

3